## No. 641
### GENTSCH v. BEVILLE et al
Ohio Appeals, Eighth District, Cuyahoga County
No. 4563. Decided June 18, 1923

This opinion has not been published except in Abstract

**PARTITION—No reason to complain—Error would benefit plaintiff in error.**

VICKERY, J.

### Epitomized Opinion

Gentsch brought an action in partition against Beville and others in Cuyahoga Common Pleas. A building had been erected on real estate sought to be partitioned. Certain lien holders filed cross-petitions. From the judgment, Wilmont Co. appealed and Gentsch prosecuted error. By agreement Wilmot Co. was allowed a lien for $500 and the appeal was dismissed. The Guardian Savings and Trust Co. claimed a large sum of money that they had put into the building but Gentsch was favored in most particulars by the entry in the lower court. However, Gentsch was not satisfied and prosecuted error. The Court of Appeals in affirming judgment held:

1. Mr. Gentsch had no reason to complain. If there is any error anywhere it would be to his benefit and not to his detriment.

**Attorneys**—Gentsch, Rawson & Kavanagh, F. F. Truhler, J. A. Nieding, for Gentsch; J. B. Oviatt and Tyler & Kursenberger and Schultz and B. C. Boer, for Beville et al.

(Note: The opinion fails to state what the alleged errors were and does not state reasons for affirming the judgment.)

## No. 642
### THIEKEN v. STATE
Ohio Appeals, Sixth District, Lucas County
No. 1339. Decided June 25, 1923

This opinion has not been published except in Abstract.

**NON-SUPPORT—(1) Technical errors in court's charge—(2) Verdict not manifestly against weight of evidence.**

KINKADE, J.

### Epitomized Opinion

Thieken was indicted for non-support of his illegitimate minor child. The jury found the defendant guilty upon trial. In the court's charge the court in speaking of the weight that the jury should give to the evidence of any one witness used the word "his" instead of "his or her." The defendant claimed that this was error inasmuch as the prosecuting witness was a woman. The accused also claimed that the verdict was manifestly against the weight of the evidence. In sustaining the verdict of the lower court, the Court of Appeals held:

1. As the court was speaking generally of the case and was referring to all the evidence in the case, no error was committed by the omission of the word "her."

2. Before the verdict will be set aside by a reviewing court, it must be clearly against the weight of the evidence. As the verdict was supported by some evidence it cannot be said that it was manifestly against the weight of the evidence.

**Attorneys**—DeGalley & DeGalley, for Thieken; Roy S. Stuart, Pros., for State.

## No. 643
### PERRINE v. GERRINE et al
Ohio Appeals, First District, Warren County
No. 93. Decided June 23, 1923

This opinion has not been published except in Abstract

**WILLS—(1) Proceedings to contest a will cannot be dismissed for want of prosecution.**

HAMILTON, J.

### Epitomized Opinion

This is an action brought by Perrine to contest a will. An answer was filed setting up that the will was valid. On trial day the plaintiff failed to appear, but his counsel appeared and moved for a continuance of the trial on the ground that his client, the plaintiff, was ill and not able to appear in court. The application was not supported by affidavit or a physician's certificate. The court refused to grant the motion and dismissed the case for want of prosecution. Thereupon the plaintiff prosecuted error to the Court of Appeals. In reversing the judgment of the lower court, the Court of Appeals held:

1. In a proceeding to contest a will, the trial court is without power to dismiss the action for want of prosecution on the part of the contestant, but must submit the question involved to the jury to ascertain whether or not the deceased died testate or intestate.

**Attorneys**—E. H. Williams and J. N. A. Jameson, for Perrine; George E. Young, for Gerrine.

## No. 644
### CINCINNATI (City) v. ROBINSON
Ohio Appeals, First District, Hamilton County
No. 2132. Decided May 14, 1923

This opinion has not been published except in Abstract

**NEGLIGENCE—(1) Admonitions made by court to another jury in presence of jury sitting in case—(2) No error in court refusing to charge on imputed negligence where no evidence showing a joint enterprise—(3) Question of defective street is for jury.**

HAMILTON, J.

### Epitomized Opinion

This is an action for personal injuries sustained by Robinson while riding in an automobile along the streets of Cincinnati. One of Robinson's friends rented a taxi and proceeded to drive the same around the city and while so doing invited Robinson to ride, which he did. While riding along a dark street, the machine struck a large hole in the street, thereby so injuring Robinson that it was necessary to amputate his left hand. After the jury had been impaneled the jury was requested to take seats in the court room while the court called in another jury. As this jury did not agree, the court admonished them for so many disagreements and then dismissed them. The court also refused to give certain charges requested by defendant involving the question of imputed negligence. The jury returned a verdict for plaintiff in the sum of $500, whereupon he prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The fact that the jurors overheard remarks made by the court to another jury; if made in good faith, is not prejudicial error.

2. As the facts did not disclose that a joint enterprise existed, the court did not err in refusing to charge the jury on the question of imputed negligence.

3. The court did not err in submitting to the jury the question whether the street was unsafe for public travel.

**Attorneys**—Saul Zielonka and Dennis Ryan and Max Schiff, for Cincinnati; Harry Hess, for Robinson.